//UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SATISH EMRIT,

    Plaintiff,

v.

SABINE AISHA JULES,

    Defendant.
_____/

Case No. 1:23-cv-733

Hon. Hala Y. Jarbou

# REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Ronald Satish Emrit against a former spouse, defendant Sabine Aisha Jules. For the reasons set forth below, this action should be dismissed.

Plaintiff's complaint seeks a federal injunction against defendant Jules:

> COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this complaint against the sole defendant Sabine Jules to obtain an injunction as an equitable remedy in the form of an annulment regardless of the Rooker-Feldman Doctrine or the previous divorce granted in 2006 by order of Judge Susan Greenhawt of Broward County, Florida (Fort Lauderdale) involving the Full Faith and Credit Clause of the U.S. Constitution. In bringing forth this complaint, the plaintiff states, avers, and alleges the following . . .
>
> 4.) As such, the plaintiff is now "forum shopping" in several federal courts to obtain an annulment of a previous marriage in which the plaintiff was divorced in 2006 by order of Judge Susan Greenhawt of 17th Judicial District of Broward County, Florida involving the Full Faith and Credit - Clause and UNiform [sic] Interstate Family Support Act (UIFSA) after JUdge [sic] Susan Greenhawt issued a $5,000 child support order in which income was imputed on the plaintiff and this order was appealed to 4th DCA of Palm Beach, Florida by Nancy Hass, Esquire, i.e. attorney for Larry Birkhead in the Anna Nicole Smith case.
>
> 5.) Nevertheless, the plaintiff's parental rights were terminated in June of 2009 after his attorney William Zimmerman, Esquire of Deerfield Beach, Florida filed a motion on the plaintiff's behalf which rendered the $5,000 child support

order null and void as if the plaintiff had given his daughter up for adoption and/or foster care in which the plaintiff has also litigated against Apple Grove Foster Care Agency (AGFCA) in Utah and Hawaii and presided over by Judge Derrick Watson of Honolulu, Hawaii.

6.) Nevertheless, because the plaintiff was married in Las Vegas on August 31st, 2002 and was divorced in Fort Lauderdale in 2006, the plaintiff argues that he can obtain an annulment anywhere in the United States based on a theory of federal question of Equal Protection, Due Process, Freedom of Association, Right to Privacy, Privileges and Immunities and/or diversity of jurisdiction.

Compl. (ECF No. 1, PageID.2).

Plaintiff's complaint includes, among other things, a reference to witchcraft ("Supreme Court Justice Samuel Alito would agree that it is a form of witchcraft reminiscent of the Salem Witch Trials of Salem, Massachusetts to deprive an American man of the opportunity to have one legally recognized marriage to a Caucasian Woman from the Ukraine"), a reference to a European trip with defendant ("[t]he plaintiff only got married to the sole defendant because she informed the plaintiff that she was pregnant after the plaintiff and defendant took a trip to Europe"), a reference to his education at "Saint Thomas University of Law in Miami Gardens, Florida", and his desire "to have one legally-recognized marriage to a Caucasian Woman from the Ukraine." *Id*. at PageID.1-7.

Plaintiff characterizes his national litigation in search of an annulment as a game of chess played throughout the courts to re-write his life story for his future wife from Ukraine:

> 19.) If litigation were a chess board, then the state of Tennessee would be a bishop, the state of South Carolina would be a rook, and the state of Louisiana is shaped like a knight, and it would be "checkmate" in the sense that Florida is a white or black king on the other side of the chess board.
>
> 20.) In other words, the Tennessee, Louisiana, and South Carolina cases against Sabine Jules are all necessary pieces on the chess board to obtain an annulment from Sabine Jules a legal declaration that the plaintiff was never married to Sabine Jules.

> 21.) Getting an annulment from Sabine Jules is extremely important to the plaintiff because the plaintiff's fiance from the Ukraine does not know that he was married before to a Haitian-American woman and the plaintiff does not want to have to inform his current fiance that he was married before because the plaintiff's previous marriage to a woman that is not his type is extremely embarrassing to the plaintiff and the plaintiff wants to re-write his life story to exclude his previous marriage.

*Id*. at PageID.5.

Plaintiff's complaint consists of a single claim for "tortious interference with family relations", *i.e.*, "[t]he plaintiff argues that the sole defendant Sabine Aisha Jules committed the tortious interference with family relations by interfering with his prior engagement to Rachel Barreiro Garcia of Las Tunas, Cuba." *Id*. at PageID.6. For his relief, plaintiff wants "the court issue an injunction as an equitable remedy declaring that the plaintiff was never married to Sabine Aisha Jules who the plaintiff believes currently lives around Fort Lauderdale or Broward County, Florida." *Id*. at PageID.7.

With respect to residency, plaintiff alleged that he "is an indigent, disabled, and unemployed resident of the state of Florida and Maryland (the plaintiff spends half of the year in Florida and the other half in Maryland traveling with his father who is a widely-recognized musician in several states on the Atlantic coast)." *Id*. at PageID.3. Plaintiff "believes" that defendant Jules "lives in the vicinity of Fort Lauderdale and/or Broward County" and "that service of process should be through publication and not Form USM 285 involving U.S. Marshals Service (USMS) because the plaintiff does not know where to serve process." *Id*.

Plaintiff includes an incomprehensible recitation involving diversity jurisdiction:

> 11.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of Western Michigan (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the five defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas.

*Id*. at PageID.4.

3

Plaintiff also alleged federal question jurisdiction,

> 12.) As an Article III court, the U.S. District Court for the District of Western Michigan also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause.

*Id*.

## II. Discussion

Assuming that this Court has federal question jurisdiction, plaintiff's complaint does not contain any allegations establishing venue in the United States District Court for the Western District of Michigan. Venue in a civil case is determined by 28 U.S.C. § 1391(b), which provides that:

> A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Congress has instructed district courts to dismiss, or in the interest of justice to transfer, a case filed in the wrong district. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The decision of whether to dismiss or transfer a lawsuit based on improper venue is within the district court's sound discretion. *First of Michigan Corporation v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

Here, the Court should sua sponte dismiss this lawsuit for improper venue.

While courts generally refrain from sua sponte dismissing an action for improper venue, such dismissal is properly within the court's discretion in certain

4

> circumstances. *Johnson v. Christopher*, 233 F. App'x 852, 853-54 (10th Cir. 2007) (affirming district court's sua sponte dismissal without prejudice pursuant to § 1406(a) when proper venue was located in the Northern District of Oklahoma and case was filed in the Eastern District of Oklahoma in lieu of transferring action); *Davis v. Reagan*, No. 88-6419, 1989 WL 40200 at *1 (6th Cir. 1989) (affirming sua sponte pre-service dismissal on grounds of improper venue in case filed in Tennessee, where proper venue was in the Western District of Pennsylvania); *Day v. City of Galveston*, 480 F. App'x 119, 121 (3d Cir. 2012) (sua sponte dismissal for improper venue harmless error when there is no conceivable basis for venue in the Eastern District of Pennsylvania and there is no indication that transferring instead of dismissing might be in the interests of justice); *Nation of Islam v. Penn. Dep't of Corr.*, No. 12-82, 2012 WL 529546 at *2 (W.D. Pa. Feb. 1, 2012) (report and recommendation that case be sua sponte transferred from the Western District of Pennsylvania to the Middle District of Pennsylvania on grounds of improper venue), adopted in 2012 WL 529238 (W.D. Pa. Feb. 17, 2012). Decisions, including those cited above, reflect that sua sponte dismissals occur even in actions brought by pro se plaintiffs, who normally receive the benefit of liberal pleading construction. *Id*. Courts also have held that an action may be dismissed under 28 U.S.C. § 1915 when improper venue is "obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); *see also Lea v. Warren Cnty.*, No. 16-5329, 2017 WL 4216584, at *2 (6th Cir. May 4, 2017) (affirming district court's sua sponte dismissal for improper venue).

*Sifuentes v. Adobe*, No. 23-10128, 2023 WL 424716 at *1 (E.D. Mich. Jan. 26, 2023).

Here, improper venue is obvious from the face of the complaint. As discussed, plaintiff's complaint does not allege any basis for venue in the United States District Court for the Western District of Michigan. Neither plaintiff nor defendant reside in, or have any connection to, the Western District of Michigan. Moreover, plaintiff had no good faith reason to file this lawsuit in this district. Plaintiff divorced defendant in 2006, and admits that he filed this lawsuit as part of a national strategy of " 'forum shopping' in several federal courts" to annul the marriage which was performed in Las Vegas, Nevada. Compl. at PageID.2.

Finally, there is no basis to transfer this lawsuit to any other federal district court. Plaintiff has no idea where defendant resides, expressing a "belief" that defendant "lives in the

5

vicinity of Fort Lauderdale and/or Broward County" and that he wants to serve her through publication because "he does not know where to serve process." PageID.3.

Accordingly, this lawsuit should be dismissed for lack of venue because the Western District of Michigan is an improper venue for this case and the interest of justice does not require transferring this lawsuit to any other district. *See* 28 U.S.C. § 1406(a).

### III.    RECOMMENDATION

For all of these reasons, I respectfully recommend that plaintiff's lawsuit be **DISMISSED**.

Dated:  July 18, 2023                                          /s/ Ray Kent
                                                               RAY KENT
                                                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).